FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   KATHLEEN A. MCGUIRE,           Chapter 7
                        Debtors                          Case No:  09-19497 (MS)

- - - - - - - - - - - - - - - - - - - - - - - - -X

LIGGERO ARCHITECTURE, LLC, et al
                        Plaintiffs,                      Adversary Proceeding No. 09-2666 (RTL)
             v.

KATHLEEN A. MCGUIRE,  et al
                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - -X

**RAYMOND T. LYONS, U.S.B.J.**

## OPINION

### I.    INTRODUCTION

Defendant, Mark McGuire, moves to vacate the default that was entered against him on

May 14, 2010.  Because the Verified Application he filed in support of his motion contains

arguments of both fact and law in contravention of D.N.J. L. CIV. R. 7.2(a), the court may

disregard the legal argument.  In addition, the factual matters in the Verified Application are not

stated in the first person by Mr. McGuire, but in the third person.  Facts are alleged "upon

information and belief" and in other ways suggesting that they are not within the personal

knowledge of Mr. McGuire.  Thus, it appears that the Verified Application contains evidence

that Mr. McGuire is incompetent to give.  *See* FED. R. EVID. 602 (prohibiting a witness from

testifying to matters outside his personal knowledge).  Also, the form of verification does not

comply with 28 U.S.C. § 1746 since it is not made under penalty of perjury.  The motion to

vacate default is procedurally defective and can be denied on that basis alone.

Even were the court inclined to overlook the procedural deficiencies, which is it not, the

substance of Movant's argument is not persuasive.  His challenge to service is rejected because

(1) he never denies receipt of the summons and amended complaint and (2) he admits that he

resides occasionally, and receives his mail, at the address where plaintiff mailed the summons

and amended complaint.  Thus, it appears that service was proper.  In addition, he has not shown

a meritorious defense since he has failed to allege an enforceable security interest in the stock in

question either by a written security agreement or possession of the stock certificates.  Motion to

vacate default is denied; consequently, Mr. McGuire remains in default.

## II.    JURISDICTION

The court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28

U.S.C. § 157(a), and the Standing Order of Reference by the United States District Court for the

District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the

United States Code, or arising in or related to a case under Title 11, to the bankruptcy court.

As Plaintiffs' complaint involves a dischargeability determination, as well as matters

concerning the administration of the estate – including a potential turnover order and a

determination as to the validity and priority of a lien – this matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2)(J), (A), (E), and (K).

## III.   FACTS AND PROCEDURAL HISTORY

Plaintiffs, Liggero Architecture and its members (collectively, "Liggero"), invested

$200,000 with the Debtor, Ms. McGuire, in a real estate development venture.  Liggero, being

unsatisfied with the investment, sued Ms. McGuire and recovered a pre-petition state court

judgment for over $256,000. Ms. McGuire then filed this bankruptcy case, staying enforcement of the state court judgment.

Liggero learned that the Debtor had signed a note to her brother, Defendant Mark McGuire, for $175,000 and had given him stock certificates in IBM. Liggero suspected that its money had been used to buy the IBM stock. It started this adversary proceeding against the Debtor, her brother, and the chapter 7 trustee asserting rights in the IBM stock, as well as seeking a determination that its claim against the Debtor is non-dischargeable.

The trustee and Liggero quickly settled. For a payment of $15,000 the trustee assigned all of his rights, including his avoidance powers, in the IBM stock to Liggero. Liggero then amended its complaint to assert these rights in the stock. Subsequently, further information provided by the Debtor revealed that she had not used Liggero's funds to buy the stock and that she had delivered the certificates to her brother many years prior to bankruptcy; however, IBM's stockholder records continued to show the Debtor as the record owner of the certificates and of additional shares purchased through a dividend reinvestment program. Ms. McGuire also produced a note dated November 8, 2005, for a loan of $175,000 from her brother, Mr. McGuire; the note states that "The principal will be secured by stock listed in Schedule A." No copy of the referenced Schedule A appears in any of the filings.

Liggero moved for entry of default against Mr. McGuire. Plaintiff's attorney certified service of the amended complaint and summons via first class mail to Mr. McGuire. The clerk entered default against Mr. McGuire on May 14, 2010. Plaintiffs sought turnover of the stock and served the motion on Mr. McGuire. He appeared in court on July 6, 2010, where he heard the court order that the stock should not be transferred in order to preserve the status quo. That direction was memorialized in a written order that was also served on Mr. McGuire by mail.

3

Mr. McGuire now moves to vacate default six months after it was entered.[1]  In response,

Plaintiffs' attorney has filed an additional certification showing that the summons and amended

complaint were mailed to Mr. McGuire at the address listed by his sister on her petition as the

residential address of both her and her brother.  Additional pleadings and correspondence were

mailed to Mr. McGuire at that address, including the motion for turnover of the stock and a letter

rescheduling the hearing which Mr. McGuire attended.

No written security agreement has been produced by Mr. McGuire granting a security

interest in his sister's IBM stock; nor has he stated that he has possession of the certificates.

Surprisingly, when the court inquired during oral argument as to the location of the stock

certificates, Mr. McGuire's attorney revealed that his client had recently told him that the stock

had been sold, although the records of the transfer agent for IBM continued to list the Debtor as

the owner of the stock certificates.

## IV.    EVIDENCE AND ARGUMENT ON MOTION

Mr. McGuire filed a pleading styled "Verified Application In Support of Motion . . ." It is

fourteen pages long, with fifty-eight paragraphs, contains legal argument, citation to legal

authority, and factual matters wherein Mr. McGuire is referred to in the third person.  For

example, in paragraph 4 it states, "Mr. McGuire uses the Franklin Lakes Property as his mailing

address and sometime residence, as he goes weeks without being present at the Franklin Lakes

Property."  Some of the factual statements are preceded by the phrase "upon information and

belief."  Other facts are stated without evidence that Mr. McGuire has personal knowledge of the

same.  For example, paragraph 7 states, "As of 2005, the Debtor was the sole owner of the

Orchard Property."  How the Debtor's brother had that knowledge was not explained.  No

---

[1] Argument of this motion was postponed while the parties tried unsuccessfully to settle.

4

affidavit or unsworn declaration of any witness was filed with the motion, nor was a brief.

Apparently the Verified Application is meant to cover both bases.

What is a verified application? It is common practice in this district for parties to file a

verified application in support of a motion. By calling it into question in this case, the court does

not mean to single out a particular firm or attorney. In fact, both counsel have filed verified

applications in this adversary proceeding. Some people may prefer it because it puts all the

factual contentions and legal arguments of a party in one pleading. However, as this case

illustrates, the danger in doing so is to diminish the sanctity of the affidavit or unsworn

declaration of a witness. By keeping the witness's statement separate, the party is more likely to

be conscious that the witness must have personal knowledge, be competent, and provide only

admissible evidence. Also, if an unsworn declaration is used, it must be under penalty of

perjury, so the seriousness of the statements will be made evident to the witness.

The Bankruptcy Rules require that a request for an order be made by motion unless an

application is permitted by the Rules. FED. R. BANKR. P. 9013, 9014(a). The Rules seem to limit

applications to administrative matters. *See, e.g.*, FED. R. BANKR. P. 1006 (applications permitted

for requests to waive filing fee or pay it in installments); 2007.1 (application permitted for

appointment of trustee or examiner); 2014 (application permitted for employment of

professionals); 2016 (application permitted for requesting compensation for services or

reimbursement of expenses); 3017.1 (application permitted for conditional approval of disclosure

statement in a small business case); 7065 (application permitted for requesting temporary

restraining order or preliminary injunction); 9006(d) (*ex parte* application permitted for

shortening standard period between motion and hearing).

No Rule permits the filing of an application to vacate default.  So, the proper procedure

by which Mr. McGuire may request an order vacating default is for him to file a motion.  Indeed,

he did file a Notice of Motion in the form required by the Bankruptcy Rules.  And his Verified

Application is in support of his motion to vacate default.

The Federal Rules of Civil Procedure contemplate the use of a verified complaint where

the plaintiff is seeking interim relief such as a temporary restraining order or preliminary

injunction. FED. R. CIV. P. 65(b)(1)(A). Also, the Local Admiralty and Maritime Rules for the

United States District Court for the District of New Jersey provide for a verified complaint.

D.N.J. L. CIV. R. 9.2.  There does not appear to be any reference to a verified application in the

Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Civil

Rules for this district, or the Local Bankruptcy Rules for this district.[2]  It appears that the use of a

verified application has developed through local practice.

Bankruptcy Rule 9017 makes the Federal Rules of Evidence and Rule 43 of the Federal

Rules of Civil Procedure applicable in bankruptcy cases.  Under Rule 43, a motion may rely on

an affidavit for factual support. FED. R. CIV. P. 43(c).  ("When a motion relies on facts outside

the record, the court may hear the matter on affidavits or may hear it wholly or partially on oral

testimony or on deposition."). This rule is an exception to the default rule that a witness's

testimony must be taken in open court. FED. R. CIV. P. 43(a).  Affidavits, being substitutes for

live testimony, may thus contain only admissible evidence from a competent witness with

personal knowledge. *See, e.g.*, FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to

support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to testify on the

---

[2] The only use of the term "verified application" in any of these sets of rules is in D.N.J. L. CIV. R. 101.1(e), which is inapplicable here as it deals with appearances by patent attorneys.

matters stated."); FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the

matter."). *See also Omnipoint Communs., Inc. v. Common Council of Peekskill*, 202 F. Supp. 2d

210, 213 (S.D.N.Y. 2002) (striking portions of an affidavit that were "not made upon the

affiant's personal knowledge, contain[ed] inadmissible hearsay or ma[de] conclusory

statements"); *608 Hamilton Street Corp. v. Columbia Pictures Corp.*, 244 F. Supp. 193, 195

(E.D. Pa. 1965) ("Admissibility of evidence on a motion for summary judgment is governed by

the same rules of evidence applicable at trial.") (citing *Roucher v. Traders & General Insurance

Company*, 235 F.2d 423 (5th Cir. 1956)); *Dr. Beck & Co. G.m.b.H. v. General Electric Co.*, 210

F. Supp. 86, 92 (S.D.N.Y. 1962), *aff'd*, 317 F.2d 538 (2d Cir. 1963) ("On a motion to dismiss for

lack of jurisdiction, the court may only consider evidence which would be of testimonial value at

a trial.") (citing *Thermo-Plastics Corp. v. International Pulverizing Corp.*, 42 F. Supp. 408

(D.N.J. 1941)).  Thus, a witness may not testify to a matter "on information and belief." *Cf.

Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (refusing to

consider interrogatory answers alleged on "information and belief").

By statute, a witness may make an unsworn declaration under penalty of perjury as a

substitute for making an oath before a notary or other official.  28 U.S.C. § 1746.  The

declaration may take the form of a certification, verification or statement, but it must be

subscribed in substantially the following form, "I declare (or certify, verify or state) under

penalty of perjury that the foregoing is true and correct." *Id.*  In this case, the last page of the

Verified Application was styled "Verification Pursuant to 28 U.S.C. § 1746."  It reads, "I. Mark

McGuire, pursuant to 28 U.S.C. § 1746, hereby verify the foregoing statements are true and

correct to the best of my knowledge and belief."  This verification is not made under penalty of

perjury and does not meet the requirements of the statute.  Thus, Mr. McGuire's motion to vacate

default is not supported by any proper evidence.

The Local Bankruptcy Rules require the filing of a brief in support of a motion, unless

the party states that no brief is necessary.  D.N.J. LBR 9013-2.  The brief shall be a separate

document.  *Id*.  Mr. McGuire did not file a brief.  His legal argument is within the Verified

Application containing fifty-eight numbered paragraphs that contain a mixture of factual

assertions and legal arguments.  D.N.J. L. CIV. R. 7.2(a) proscribes combining legal argument in

an affidavit.  It reads,

> Affidavits shall be restricted to statements of fact within the
> personal knowledge of the affiant. Argument of the facts and the
> law shall not be contained in affidavits. Legal arguments and
> summations in affidavits will be disregarded by the Court and may
> subject the affiant to appropriate censure, sanctions or both.

If the movant's Verified Application is considered a substitute for an affidavit, then the court

should disregard all the legal argument under D.N.J. L. CIV. R. 7.2(a).  The court concludes that

the Verified Application is an attempt to combine Mr. McGuire's factual contentions and legal

argument in one pleading.  That is not permitted under the rules and is grounds for denying the

motion to vacate default.  *Cf. Falor v. G&S Billboard*, No. 04-2373, 2007 U.S. Dist. LEXIS

33290, at *19 (D.N.J. May 7, 2007) ("Because Defendant . . . fails to submit an affidavit of

someone with personal knowledge of the circumstances surrounding its failure to timely respond

to this litigation, the [court] cannot consider its motion to set aside default.") (citing D.N.J. L.

CIV. R. 7.2(a)). Nevertheless, the court will consider the substance of Mr. McGuire's argument.

V.      **LEGAL STANDARD FOR VACATING DEFAULT**

FED. R. CIV. P. 55(c), as incorporated by FED. R. BANKR. P. 7055, provides that a court

may set aside an entry of default for good cause.  "Default judgments are disfavored in our

8

Circuit . . . ." *Sourcecorp Inc. v. Croney*, Nos. 10-1151 & 10-3440, 2011 U.S. App. LEXIS 1047,

at *8 (3d Cir. Jan. 19, 2011) (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir.

2008)). The standard for vacating entry of default involves the same factors as those involved in

vacating judgment of default, though these factors are applied less leniently when vacating mere

entry of default. These factors are: (1) whether the plaintiff will be prejudiced; (2) whether the

defendant has a meritorious defense; and (3) whether the default was the result of the defendant's

culpable conduct.  *Sourcecorp*, 2011 U.S. App. LEXIS 1047, at *10 (citing *Feliciano v. Reliant*

*Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982)).

      Failure to establish a meritorious defense can be fatal, at least to a motion to vacate

default judgment, obviating the need to analyze the other factors.  *See United States v.*

*$55,518.05 in U.S. Currency*, 728 F.2d 192, 197 (3d Cir. 1984) ("Because we agree with the

Court below that [the defendant] failed to establish a meritorious defense, his motion to set aside

the entry of default and the default judgment must be denied. Consequently, we do not decide the

issues whether the [plaintiff] would be prejudiced by our granting [the] motion or whether [the

defendant's] culpability led to the default and to the default judgment.").  However, where the

motion to vacate involves merely entry of default, more lenient application of the standard may

allow granting the motion even in the absence of a meritorious defense, if both of the other two

factors favor the defendant. *See Mike Rosen & Assocs., P.C. v. Omega Builders*, 940 F. Supp.

115, 120-21 (E.D. Pa. 1996) (distinguishing between cases dealing with entry of default and

those dealing with default judgment, and identifying "a split of authority as to the proper

outcome in cases [involving entry of default] where no meritorious defense exists but the court

finds that the first two factors weigh in favor of the defendant").

Here, because Mr. McGuire has neither absolved himself of culpability nor adequately

demonstrated a meritorious defense, his motion fails even under the more lenient standard for

vacating entry of default.

## VI.    DISCUSSION

### a.    Service of Process

Arguing  that Liggero has failed to establish service of process, Mr, McGuire evasively

suggests, without expressly so stating, that he failed to receive service.  Specifically, Mr.

McGuire's Verified Application discusses service in the following paragraphs:

> 4. . . . Mr. McGuire uses the Franklin Lakes Property as his
> mailing address and sometime residence . . . .
>
> 15. Plaintiffs have failed to establish that Mr. McGuire was ever
> successfully served with the underlying Complaint. As set forth
> above, Mr. McGuire occasionally utilizes the Franklin Lakes
> Property as a residence. Bankruptcy notices being sent to the
> Debtor were also sent to the same address and no proof has been
> shown by Plaintiffs that Mr. McGuire was served. . . .
>
> 41. With respect to the third factor, whether defendant's conduct
> was culpable, Mr. McGuire can clearly establish that it is not.
> Plaintiffs have failed to establish that Mr. McGuire was properly
> served with the Complaint and that his involvement in all aspects
> of this bankruptcy case was that of a creditor. In fact, the process
> server alleged that Mr. McGuire was "evading process;" however,
> no certification or other evidence was submitted to support such
> allegations. . . .

Mr. McGuire's statements do not, in any way, state that he actually failed to receive service.

Plaintiff's attorney filed a proof of service of the summons and complaint by first class

mail in accordance with FED. R. BANKR. P. 7004(b).  In addition, Plaintiff's attorney filed a

supplemental certification of service showing that the summons and amended complaint were

mailed to the address that the Debtor listed as both her residence and her brother's residence.

Apparently, this is the home of their parents, and Mr. McGuire's children reside there as well.

10

Notably, Mr. McGuire states that this address is where he receives his mail and where he resides
from time to time.

Mr. McGuire has provided no reason to rebut the presumption that "an addressee receives
a properly mailed item." *Ms. Interpret v. Rawe Druck-und-Veredlungs-GmbH (In re Ms.
Interpret)*, 222 B.R. 409, 413 (Bankr. S.D.N.Y. 1998); *see also Moglia v. Lowitz & Sons (In re
Outboard Marine Corp.)*, 359 B.R. 893, 898 (Bankr. N.D. Ill. 2007) ("Bankruptcy Rule 7004
does not require proof of actual receipt; it requires only that the summons and complaint be
mailed . . . . Thus, under the Bankruptcy Rules, a plaintiff's obligations are fulfilled when the
complaint and summons are sent to the defendant.") (internal quotations omitted).  Mr.
McGuire's statements demonstrate no impropriety in the address to which Liggero sent service –
again, the same address listed for Mr. McGuire on his sister's creditor matrix, and an address
which his own filing admits as being one he occasionally uses as a residence.

b.      **Meritorious Defense**

Here, Mr. McGuire attempts to demonstrate a meritorious defense by arguing that the
Trustee cannot sell his avoidance powers to Liggero.  The court need not decide this issue
because there is a more fundamental issue.  The trustee sold all of his rights in the IBM stock to
Liggero.  The records of the transfer agent show the Debtor as the record owner of the stock
certificates on the date of her bankruptcy and continuously thereafter.  Accordingly, the stock is
an asset of the bankruptcy estate. Mr. McGuire's only claim that could potentially defeat
Liggero's rights in this asset, as purchased from the trustee, is that he has a security interest in
the stock.

As to Mr. McGuire's security interest, he has failed to demonstrate possession or to
produce either the Schedule A referenced in the promissory note from his sister or a separate

11

security agreement specifically describing the IBM stock. Accordingly, he has failed to demonstrate that he has an interest in the stock. *See* N.J. STAT. § 12A:9-203(b)(3) (enforceability of security interest requires authenticated security agreement providing a description of collateral, or in the alternative for certificated securities, delivery of the certificate); N.J. STAT. § 12A:8-301(a) (delivery of certificated security generally requires possession). Indeed, even if he does have a security interest in the stock, that asset is still property of the estate, meaning it is subject to turnover for purposes of administration pending determination of priorities.

As to Mr. McGuire's other argument, it is not the trustee's avoidance power that allows Liggero to pursue the stock on behalf of the estate; rather it is the sale of the estate's entire interest in the stock that gives Liggero this right. That is, Liggero now holds the same interest in the stock that the trustee held, which includes the rights of a perfected judgment lien creditor, under 11 U.S.C. § 544(a). Thus, the court need not determine whether the sale of avoidance powers was proper. For the purposes of defeating Mr. McGuire's argument, then, the court holds only that the Trustee's sale properly authorizes Liggero to seek turnover of the stock and attack any liens conflicting with the estate's (former) interest in the asset. The mechanism for this result is not any avoidance power, but rather Liggero's rights as a perfected judgment lien creditor.

## VII.    CONCLUSION

Because Mr. McGuire has failed to demonstrate either a meritorious defense or a lack of culpability, his motion to vacate the entry of default fails. His motion is denied in the entirety.


Dated:  April 27, 2011                                          /s/ *RAYMOND T. LYONS*